Bowlsby v. Speer.

---

MARGARET L. BOWLSBY v. HENRY SPEER.

1. No legal right of any kind can be claimed, *jure naturæ*, in the flow of surface water, so that neither its retention, diversion, or repulsion is an actionable injury, even though damage ensue.

2. The defendant was the owner of land, situate on a hill-side, below which were the premises of the plaintiff; above the defendant's land was a pond, occasioned and fed exclusively by rain water. In times of rain this pond ran over, and with other surface water ran down and escaped through an hollow in defendant's land; the defendant erected a stable on his land over this hollow and thereby caused a portion of said surface water to run on to the land of the plaintiff. *Held*, such act of defendant was not actionable.

---

This action was brought for diverting a watercourse from its bed into the lands of the plaintiff. The circumstances as they appeared on the trial were these, viz.: there was a pond on the side of a hill, and below this pond was the stable lot of

the defendant, and still lower down was the lot and dwelling-house of the plaintiff. The pond was not fed by a spring nor from any subterranean source, but was formed altogether from rains and melting snows, and occasionally it was entirely dry—never ran over except in times of heavy showers, and then with the other surface water falling on the contiguous land, it passed down in a slight hollow or depression over the premises of the defendant, and so on to other lands below them. This water, in its natural condition, did not go upon the lot of the plaintiff. The defendant, a short time before the commencement of this suit, built a stable on his lot, and located it over this hollow, through which the water before mentioned was discharged, and this obstacle turned the course of the water, so that it ran on to the lot and into the cellar of the dwelling-house of the plaintiff. For the damage thus occasioned this suit is brought. The questions involved came before this court on a motion for a new trial.

For the plaintiff, *Geo. Gage.*

For the defendants, *J. Vanatta.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. It is not one of the legal rights appertaining to land that the water falling upon it from the clouds shall be discharged over land contiguous to it; and this is the law, no matter what the conformation of the face of the country may be, and altogether without reference to the fact, that in the natural condition of things, the surface water would escape in any given direction. The consequence is, therefore, that there is no such thing known to the law as a right to any particular flow of surface water, *jure naturæ.* The owner of land may, at his pleasure, withhold the water falling on his property from passing in its natural course on to that of his neighbor, and in the same manner may prevent the water falling on the land of the latter from coming on to his own. In a word, neither the right to discharge nor to receive the surface water, can have any legal

existence except from a grant, express or implied. The wisdom of this doctrine will be apparent to all minds upon very little reflection. If the right to run in its natural channels was annexed to surface water as a legal incident, the difficulties would be infinite indeed; unless the land should be left idle it would be impossible to enforce the right in its rigor; for it is obvious every house that is built and every furrow that is made in a field, is a disturbance of such right. If such a doctrine prevailed, every acclivity would be and remain a water shed, and most low ground become reservoirs. It is certain that any other doctrine but that which the law has adopted, would be altogether impracticable.

This subject, until a comparatively recent date, does not appear to have received the attention of the courts. No ancient authority can, therefore, perhaps be produced, but the topic has of late been discussed both by the Barons of the Exchequer and by the courts of Massachusetts, and the doctrine placed upon a footing which, as it seems to me, should receive the assent of all persons. Upon an examination of these cases, it will be found that the conclusion is reached that no right of any kind can be claimed in the mere flow of surface water, and that neither its retention, diversion, repulsion, or altered transmission is an actionable injury, even though damage ensues. How far it may be necessary to modify this general proposition in cases in which, in a hilly region, from the natural formation of the surface of the ground, large quantities of water, in times of excessive rains or from the melting of heavy snows, are forced to seek a channel through gorges or narrow valleys, will probably require consideration when the facts of the case shall present the question. It would seem that such anomalous cases might reasonably be regarded as forming exceptions to the general rule.

The legal principle as above stated is fully established in the following cases. *Greatrex* v. *Hayward*, 8 *Excheq.* 291; *Rawstron* v. *Taylor*, 11 *Id.* 369; *Broadbent* v. *Ramsbotham*,

11 *Id.* 602; *Dickinson* v. *Worcester*, 7 *Allen* 19; *Parks* v. *Newburyport*, 10 *Gray* 28; *Luther* v. *Winniscemmet Co.*, 9 *Cush.* 171; *Ashley* v. *Wolcott*, 11 *Id.* 192; *Shields* v. *Arndt*, 3 *Green Ch.* 234.

Upon the argument, the case of *Earl* v. *DeHart*, 1 *Beas.* 280, was much relied on, and was, indeed, the only authority adduced with a view to controvert the rule of law as above propounded. But this decision, rightly considered, does not bear this aspect. The facts in that case proved a grant by implication from lapse of time the privilege to discharge the water in question in the manner claimed, and the general expressions used in the opinion of the court must be construed in accordance of the well-known rule, with reference to the circumstances to which they were applied, *secundum subjectam materiam.* The result in that case was obviously correct, but it was attained on grounds which, as they do not here exist, disenable it from being a guide in the determination of the present controversy.

Applying, then, the docrine above indicated to the facts of the present case, the conclusion must be that upon the proof made at the trial, the plaintiff was not entitled to recover. The water diverted by the building of the defendant was altogether surface water, and he, therefore, had a legal right to obstruct and to turn aside its course. If the plaintiff has suffered from such act it is *damnum absque injuria.* Nor is her case helped by the circumstance that a portion of the water in question came from the pond which was proved to exist, because no more waste water was discharged by reason of this reversion than there would have been if it had not been there. It was merely the rain water flowing from the surface of the pond, as it would have done if the superficies had been land instead of water. Nor does it seem to me that there is any significance in the fact, that there was an appreciable channel for this surface water over the land of the defendant and into which it naturally ran. On every hill side numbers of such small conduits can be found, but it would be highly unreasonable to attach to them all the legal

qualities of watercourses. I am not willing to adopt a doctrine which would be accompanied with so much mischief.

In my opinion the existence of a watercourse was not proved in the present case, and as this is the ground work of the plaintiff's action, I think a new trial should be granted.

Rule made absolute.

APPROVED in *Town of Union* ads. *Durks*, 9 *Vroom* 22. CITED in *McKinley* v. *Chosen Freeholders of Union County*, 2 *Stew.* 171.